UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KENNETH CARL GROVES, SR.,

                Plaintiff,

v.

                9:11-CV-1317
                (GTS/RFT)

BRETT DAVIS, Secure Care Treatment Aid;
DAVID W. SILL, Secure Care Treatment Aid;
and THOMAS NICOLETTE, R.N.; Ward Nurse;

                Defendants.
_____

APPEARANCES:                                              OF COUNSEL:

KENNETH CARL GROVES, SR., No. 166237
  Plaintiff, *Pro Se*
CNY PC
P.O. Box 300
Marcy, New York 13403

HON. ERIC T. SCHNEIDERMAN              COLLEEN D. GALLIGAN, ESQ.
Attorney General for the State of New York     Assistant Attorney General
  Counsel for Defendants Sill and Nicolette
The Capitol
Albany, New York 12224

HON. MARK CURLEY                            ARMOND J. FESTINE
Corporation Counsel for the City of Utica       Assistant Corporation Counsel
  Counsel for Defendant Davis
1 Kennedy Plaza, 2nd Floor
Utica, New York 13502

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Kenneth

Carl Groves, Sr. ("Plaintiff") against the three above-captioned individuals ("Defendants"), is

United States Magistrate Randolph F. Treece's Report-Recommendation recommending that

Defendant Davis' motion for summary judgment be denied, and that Defendant Sill and Nicolette's motion for summary judgement be denied. (Dkt. No. 72.) Defendant Davis has filed no Objection to the Report-Recommendation, and the deadline by which to do so has expired. (*See generally* Docket Sheet.) Defendant Sill and Nicollette have filed an Objection, in which they argue that Magistrate Judge Treece's recommendation regarding their motion should be rejected because that recommendation is based solely on hearsay, specifically, Paragraph 5(c) of the affidavit of Plaintiff's fellow inmate, Floyd Yelle. (Dkt. No. 75.)

When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). When no objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Based upon a careful review of this matter, the Court can find no clear error with Magistrate Judge Treece's Report-Recommendation regarding Defendant Davis' motion for summary judgment. (Dkt. No. 72.) Nor can the Court find any error whatsoever with Magistrate Judge Treece's Report-Recommendation regarding Defendant Sill and Nicollette's motion for summary judgment. (*Id*.) Magistrate Judge Treece employed the proper standards, accurately

recited the facts, and reasonably applied the law to those facts. (*Id*.) As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein.

The Court would add only three points. First, while Paragraph 5(c) of the affidavit of Floyd Yelle does contain a piece of inadmissible hearsay (i.e., the statement by non-party Kenneth Williams "That's what we'll do[,] Brett"), it contains a statement by a party opponent under Fed. R. Evid. 801(d)(2) (i.e., Defendant Davis' statement "Yah, he'll get his!"), as well as a statement that either is not offered for the truth of the matter asserted or is a verbal act under Fed. R. Evid. 801(c)(2) (i.e., the repeated mention of Grove's name).

Second, and perhaps more importantly, Paragraph 5(c) was not the only portion of Yelle's affidavit relied on by Magistrate Judge Treece. Magistrate Judge Treece also relied on the fact that Paragraphs 2(c), 2(d), 3, 3(a) and 3(c) of the affidavit stated that, approximately 20 minutes before the above-referenced statements occurred, Defendant Nicollete came out of nurses' station as Defendant Davis was yelling at Plaintiff (as a result of Plaintiff's saying something derogatory about him). (Dkt. No. 72, at 19.) Moreover, Magistrate Judge Treece relied on the fact that Paragraphs 6(f) and 6(h) of the affidavit stated that, less than two hours before the alleged assault, Defendant Nicollete heard Defendant Davis threaten Plaintiff. (*Id*. at 19-20.) Furthermore, Magistrate Judge Treece relied on the fact that Paragraph 10(a) of the affidavit stated that one of the first employees to come to Defendant Davis' assistance (during the incident with Plaintiff) was Defendant Nicollette. (*Id*. at 20.)

Third, and finally, because of the record evidence also establishing that Defendant Sill held Plaintiff's legs during the alleged assault, a rational fact finder could conclude that Defendant Sill was personally involved in a malicious and sadistic attack on Plaintiff for the very purpose of inflicting harm. (*See, e.g.,* Dkt. No. 1, at page "VIII" [Plf.'s Verified Compl.]; Dkt.

3

No. 55, Attach. 1, at ¶¶ 24-31 [Defs.' Rule 7.1 Statement].)

For all of these reasons, the Court must reject Defendant Sill and Nicollette's Objection.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Treece's Report-Recommendation (Dkt. No. 72) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant Davis' motion for summary judgment (Dkt. No. 52) is **DENIED**; and it is further

**ORDERED** that Defendants Sill and Nicolette's motion for summary judgement (Dkt. No. 55) is **DENIED**; and it is further

**ORDERED** that Pro Bono Counsel be appointed for the Plaintiff for purposes of trial only; any appeal shall remain the responsibility of the plaintiff alone unless a motion for appointment of counsel for an appeal is granted; and it is further

**ORDERED** that upon assignment of Pro Bono Counsel, a final pretrial conference with counsel will be scheduled in this action, at which time the Court will schedule a jury trial on Plaintiff's Eighth Amendment claims of excessive force against Defendants Davis and Sill, plaintiff's supervisory liability/failure to protect claims against Defendant Nicollete and Plaintiff's deliberate indifference claims against Defendant Sill and Nicolette.  Counsel are directed to appear at the final pretrial conference with settlement authority from the parties.

Dated: September 19, 2014
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge